## Job Lyman v. Joel Lull, Jesse Lull, Asa Aikens and John P. Skinner.

The admissions of a deputy sheriff are competent evidence against the sheriff, when sued for the default of such deputy, and against the sureties for the sheriff, when sued upon their recognizance.

Such admissions may be proved by any other witness, as well as by the deputy himself, even when he is a witness in the case.

And it is not competent for the defendants, for the purpose of rebutting this evidence, to prove other declarations, made by the deputy at a different time, inconsistent with the admissions proved by the plaintiff.

Scire Facias upon a sheriff's recognizance for the year commencing December 1, 1841, for neglect of one George C. Pratt, a deputy of the defendant Lull, the sheriff, in not levying and returning an execution in favor of the plaintiff against one Montague. Plea, by the defendant Skinner, one of the sureties, who alone defended, that the execution was not delivered to Pratt within the year,

for which the recognizance was taken, and trial by jury, November Term, 1846,—REDFIELD, J., presiding.

On trial the plaintiff gave in evidence the deposition of George C. Pratt, taken *ex parte;* and then offered to prove by one George W. Dana, that some time during the first week in December, 1841, he saw said Pratt come out of the plaintiff's office with a paper in his hand, and that Pratt came directly to where the witness was standing, and that the witness then saw the filing on the back of the paper and it was filed as an execution in favor of the plaintiff against Montague, and that Pratt then inquired of the witness, if he knew where Montague then was, saying that he had just received an exe-cution in favor of Lyman against Montague and wanted it closed. To this evidence the defendant objected; but it was admitted by the court. The defendant then, for the purpose of showing that the execution was not received by Pratt at the time testified to by Dana, offered in evidence another deposition of George C. Pratt, taken *ex parte* to be used in another action, and put on file the first day of the November Term, 1846. To the admission of this evidence the plaintiff objected; and it was excluded by the court.

Verdict for plaintiff. Exceptions by defendant.

*C. Coolidge,* for defendant, insisted, that the county court erred in admitting the testimony of Dana, and in excluding the depo-sition of Pratt, offered by the defendant, and cited *Warner et al.* v. *McGary,* 4 Vt. 507; *Carpenter, Adm'r,* v. *Hollister et al.,* 13 Vt. 552; *Washburn et al.* v. *Ramsdell,* 17 Vt. 299.

*Tracy & Converse,* for plaintiff, insisted, that evidence of the declarations of a deputy sheriff, made while he remains such dep-uty, and in relation to a matter in reference to which he is bound to indemnify the sheriff, is admissible against the sheriff, in a su't in relation to the same matter, and cited *Tyler* v. *Ulmer,* 12 Mass. 163; 1 Greenl. Ev. 219, § 180, note 8; Ib. § 113; Rev. St. 72, § 6; *Johnson* v. *Edson,* 2 Aik. 299; and to the point, that the deposition offered by the defendant was properly excluded, the counsel cited *Austin* v. *Slade's Adm'r,* 3 Vt. 68; *Swift* v. *Cobb et al.,* 10 Vt. 282; 1 Aik. 264; 1 D. Ch. 179.

Bragg *v*. Fletcher et al.

The opinion of the court was delivered by

REDFIELD, J.   It is settled law, that the admissions of the under sheriff are competent to be given in evidence in an action against the sheriff, for the default of such under sheriff.   And we do not think it requisite, that such admissions should be proved by the person making them.   This is never required in regard to the admissions of an agent.   If it were so, the admissions of the wife, while transacting the business of the husband, could never be proved. Among other reasons, which will readily occur, the fact, that the sheriff's deputy might not choose to testify, and, if he did, might not recollect the admissions, or not to the full extent, are sufficient grounds to determine the court, in not requiring the proof to come exclusively from the deputy himself, even when he is a witness, called by the party entitled to prove the admissions, and might be examined to that point.

The other declarations of Pratt seem to have been offered on the side of Pratt's interest, and therefore clearly were not competent to disprove those, which he had made at another time *against* his interest.

Judgment affirmed.